UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KICKHAM HANLEY P.C.,

                                Plaintiff,

                                                                   <u>DECISION AND ORDER</u>

                                                                   08-CV-6087L

                 v.

KODAK RETIREMENT INCOME PLAN,
TRUSTEE OF THE KODAK RETIREMENT INCOME PLAN,
KODAK RETIREMENT INCOME PLAN COMMITTEE,

                                Defendants.
_____

By Decision and Order dated February 26, 2009, the United States Court of Appeals for the Second Circuit reversed this Court's decision in favor of plaintiff and directed that the complaint be dismissed. *Kickham Hanley v. Kodak Retirement Income Plan*, 558 F. 3d 204 (2d Cir. 2009). Familiarity with the Second Circuit's decision and this Court's underlying decision, published at 574 F.Supp.2d 314 (Dkt. #43), is presumed.

Defendants now move for sanctions pursuant to Fed. R. Civ. Proc. 11 (Dkt. #80), and for an award of attorneys fees (Dkt. #83). For the reasons that follow, both motions are denied.

**I.     Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. Proc. 11**

Fed. R. Civ. Proc. 11 establishes the governing standards for pleading and prosecuting actions in federal court, and provides for the imposition of sanctions "if a party submits a pleading

or motion for any improper purpose." *Hoyle v. Dimond*, 612 F. Supp. 2d 225, 236 (W.D.N.Y. 2009) (internal quotation marks omitted). "Rule 11 sanctions are an extraordinary remedy, and a movant must therefore meet a 'high bar' before sanctions are imposed on an adversary." *Id*. *See also Smith v. Lopez-Vazquez*, 2008 U.S. Dist. LEXIS 52708 at *17 (S.D.N.Y. 2008).

In this case, plaintiff, a law firm, sought a preliminary injunction directing defendants to withhold some portion of the benefits to be paid to Plan beneficiaries, pending the Court's determination concerning the entitlement of plaintiff's counsel to attorneys fees for the creation of the common fund of benefits (Dkt. #3). Defendants vigorously opposed the motion. In this Court's decision, I granted plaintiff's motion for a preliminary injunction in part, found that plaintiff had minimally stated a claim for attorneys fees under a common fund theory, and enjoined defendants from making payments to Plan participants unless 15% of such payments were placed in escrow pending the ultimate determination of the plaintiff's attorney fee award (Dkt. #43). Defendants appealed and, as referenced above, the Second Circuit reversed this Court's order of a preliminary injunction and directed that the complaint be dismissed (Dkt. #90-1). The Second Circuit based its decision principally on the anti-alienation provision of the Employer Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. § 1056(d)(1). The Second Circuit determined that the anti-alienation provision outweighed any entitlement that plaintiff's firm might have to attorney fees under the so-called common fund theory.

Although plaintiff did not ultimately succeed on appeal, I do not believe the Second Circuit's reversal warrants the imposition of Rule 11 sanctions. Neither this Court nor the Second Circuit characterized plaintiff's claim for relief as frivolous, unreasonable or contrary to clearly established

law. Indeed, the matter was complex and the relevant law unsettled, and both this Court and the Second Circuit wrote at some length setting forth the basis for each Court's ruling. Indeed, in granting the preliminary injunction, this Court specifically referenced and discussed ERISA's anti-alienation provision and determined that it did not preclude plaintiff's claim for relief, simply because there was "no clear statutory intent to prescribe fee awards from ERISA-related common funds." *Kickham Hanley*, 574 F.Supp.2d 314 at 319.

Clearly, an adverse appellate ruling is not tantamount to a finding that the original pleading and claim was vexatious, wanton, made in bad faith or prosecuted for oppressive reasons. The fact that a federal judge ruled on the merits of plaintiff's claim and found it meritorious should belie any after-the-fact assertion that the claim was frivolous or unreasonable at the time it was pleaded.

Sanctions have their place and should be utilized when necessary to correct the abuses that Rule 11 was designed to curtail. No such abuse occurred here. I reject defendants' assertion that sanctions are appropriate and, finding no basis for such an award, I decline to impose any sanctions against plaintiff.

## II. Defendants' Motion for Attorneys Fees Pursuant to ERISA § 502(g)

Defendants also seek a substantial award of attorneys fees and costs as a "prevailing party." Defendants rely upon provisions in the Kodak Retirement Income Plan ("KRIP") and ERISA §502(g), which provides that the Court, in its discretion may award fees. 29 U.S.C.§1132(g)(1).

Defendants labor mightily to convince the Court that both KRIP and the statute mandate an award of fees. I disagree. Even if the provisions of KRIP apply (which I doubt), and even if ERISA §502(g) applies, I decline to award fees. An award of fees is not automatic, particularly where the

prevailing party is a defendant. The purpose of fee-shifting provisions, like §502(g), is to promote the interests of Plan beneficiaries in recovering their benefits, and also to encourage attorneys to take on such cases, which are often time consuming and complex. *See Chapman v. ChoiceCare Long Island Long Term Disability Plan*, 2009 U.S. App. LEXIS 233 at *3 (2d Cir. 2009) (noting that ERISA's fee-shifting provisions exist for the "statutory purpose of vindicating retirement rights"); *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 872 (2d Cir. 1987) (same).

Furthermore, although ERISA's fee-shifting provisions are generally liberally construed, attorney's fees in such cases are not routinely granted to prevailing defendants, in the absence of some culpable conduct by a plaintiff or plaintiff's counsel. *See Rodriguez v. Klum*, 2009 U.S. Dist. LEXIS 8148 at *4 (S.D.N.Y. 2009) (in evaluating a prevailing defendant's entitlement to attorneys fees, the court consider the non-prevailing party's frivolousness, motivation, the parties' respective needs for compensation and/or deterrence, and most significantly, the objective unreasonableness of the case). *See also Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 122 (2d Cir. 2001) (objective reasonableness of the case "is a factor that should be given substantial weight in determining whether an award of attorneys' fees is warranted" in a matter governed by a fee-shifting statute). Indeed, even in cases in which a plaintiff prevails, a district court may properly decline to award attorney's fees in the absence of any showing of bad faith by the defendant, where the case presents close questions on the merits and the common benefit was minimal. *See Leyda v. AlliedSignal, Inc.*, 322 F.3d 199, 211 (2d Cir. 2003).

This case was vigorously litigated by both sides. The mounds of paper generated by these two motions are testament to that. However, vigorous litigation is not unusual or unique and a

parties' engagement in such efforts does not automatically warrant imposition of attorneys fees or, for that matter, sanctions.

For some of the same reasons that I denied sanctions, I find that there is insufficient culpable conduct on plaintiff's part, and that the case was not sufficiently frivolous, to justify an award of attorneys fees to defendants. The Court has broad discretion in this regard, and I decline to exercise it to award fees in this instance. *See TIG Ins. v. Newmont Mining Corp.*, 226 Fed. Appx. 49, 51 (2d Cir. 2007); *American Commc'ns Ass'n v. Retirement Plan for Employees of RCA Corp.*, 507 F. Supp. 922, 923 (S.D.N.Y. 1981).

Defendants are, however, entitled to costs, and a Bill of Cost should be presented to the Clerk of Court.

CONCLUSION

Defendants' motions for sanctions (Dkt. #80), and for an award of attorneys fees (Dkt. #83) are denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 16, 2009.